# EXHIBIT B

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MFM DELAWARE, INC., | ) | Case No. 13-11359 (PJW) |
| MFM INDUSTRIES, INC.,[1] | ) | Case No. 13-11360 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. ___ |

### INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) DEEMING UTILITY COMPANIES ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

This matter is before the Court on the *Debtors' Emergency Motion for Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion") of MFM Delaware, Inc. and MFM Industries, Inc. (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the *Declaration of Matthew A. Crane in Support of First Day Motions and Applications*, and the matters reflected in the record of the hearing held on the Motion on June 6, 2013. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the Debtors' pre-petition secured lenders and their counsel, if known to the Debtors, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and the Utility Companies and their counsel, if known to the Debtors; that no further notice is necessary;

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Industries, Inc. (6720) and (ii) MFM Delaware, Inc. (3784).

that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.   The Motion is GRANTED to the extent set forth herein on an interim basis.

2.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3.   No Utility Company may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of commencement of these cases or on account of unpaid invoices for service provided by any of the Utility Companies to any of the Debtors prior to the Petition Date.

4.   A final hearing (the "Final Hearing") upon the Debtors' Motion shall be held before the undersigned on June 25, 2013 at 10 a.m. (ET), or as soon thereafter as counsel may be heard. Any Utility Company that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on counsel for the Debtors so that the objection is received at least seven days before the Final Hearing.

5.   The Debtors are directed to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices in respect of post-petition utility services rendered by the Utility Companies to the Debtors.

6.   Notwithstanding the terms of paragraph 3 above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Company is adequate (the "Determination Procedures"):

   a. Absent compliance with the Determination Procedures, a Utility Company may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security.

b.  Within two business days after the entry of the Interim Order on the Motion, the Debtors will serve a copy of the Interim Order to the Utility Companies on the Utility Service List by overnight delivery. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve a copy of the Interim Order on such Utility Company upon learning of such omission.

c.  If a Utility Company is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Company must make a request for additional assurance of payment (a "Request") and serve such Request on counsel for the Debtors, at King & Spalding LLP, 1185 Avenue of the Americas New York, NY 10036-4003, (Attention: Arthur J. Steinberg, Esq.) and file such request with the Court. Any such Request by a Utility Company must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Company immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the post-petition period, and (v) the average amount owed by the Debtors' for the prior six months.

d.  Without further order of the Court, the Debtors may enter into agreements granting to the Utility Companies that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable.

e.  If a Utility Company requests assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are not able to resolve the issue, the Debtors will request a hearing before this Court, to be held at a date and time to be scheduled promptly by the Debtors upon notice to the applicable Utility Company, to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

f.  Pending resolution of a Request at the Determination Hearing and pending entry of a final order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.  The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make a Request.

h.  At any time, the Debtors may terminate service from any of the Utility Companies, such termination being effective immediately upon Debtors' notice to the Utility Company. At such time, Debtors shall no longer be required to make

any more payments to such Utility Company for any services provided after such termination, and any excess shall be returned forthwith.

7.   The Debtors are authorized to periodically adjust the amount in the Adequate Assurance Account to reflect the following factors: (i) the termination of Utility Services by the Debtors; and (ii) the entry into any agreements between the Debtors and the applicable Utility Companies.

8.   In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Interim Order to any Additional Utility Companies as such Additional Utility Companies are identified. Such Additional Utility Companies shall be subject to the terms of the Interim Order, including the Determination Procedures.

9.   The Debtors right to dispute whether any of the entities now or hereafter listed in Exhibit A to the Motion are "utilities" within the meaning of section 366(a) of the Bankruptcy Code is reserved.

10.  The Debtors shall serve a copy of the Motion, together with the Final Order, on each Utility Company, the Office of the United States Trustee for the District of Delaware, the Debtors' pre-petition secured lenders and their counsel, if known to the Debtors, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and those parties entitled to notice pursuant to Bankruptcy Rule 2002 within two (2) business days of entry of this Interim Order by the Court.

11.  The deadline by which objections to the Motion and the proposed Final Order must be filed is June 18, 2013, at 4:00 p.m. (ET). All objections shall be served on (i) proposed counsel for the Debtors, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036-4003 (Attention: Arthur J. Steinberg, Esq.) and The Rosner Law Group, 824 N. Market

Street, Suite 810, Wilmington, DE 19801 (Attn.: Frederick Rosner, Esq.); and (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Mark Kenney, Esq.

12. Nothing in this Order or the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Interim Order.

Dated: June ___, 2013
      Wilmington, Delaware

                                                THE HONORABLE PETER J. WALSH
                                                UNITED STATES BANKRUPTCY JUDGE