IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MFM DELAWARE, INC., | ) | Case No. 13-11359 (PJW) |
| MFM INDUSTRIES, INC.,[1] | ) | Case No. 13-11360 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: 8/15/13 @ 3 p.m. |
| | ) | Objection Deadline: 8/6/13 @ 4 p.m. |

**DEBTORS' MOTION FOR ESTABLISHMENT OF PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

MFM Delaware, Inc. and MFM Industries, Inc. (collectively, the "Debtors") file this Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Industries, Inc. (6720) and (ii) MFM Delaware, Inc. (3784).

{00011612.}

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On May 28, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4. On May 29, 2013, the Court entered an order procedurally consolidating the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 1015(b).

5. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors in these Cases (the "Statutory Committee") on June 6, 2013. As of the date of this filing, no request has been made for the appointment of a trustee or examiner.

7. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Matthew A. Crane in Support of First Day Motions and Applications* filed on the Petition Date and incorporated herein by reference. [Dkt. No. 3].

## RELIEF REQUESTED

8. By this Motion the Debtors respectfully request an order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1, establishing procedures by which professionals approved under sections 327, 363, and 1103 of the Bankruptcy Code by the Court in these cases (the "Professionals") may obtain monthly payment of a portion of their fees and expenses, subject to review and adjustment in connection with regular fee applications filed with the Court.

## BASIS FOR RELIEF

9. Prior to the filing of this Motion, on June 6, 2013, the Debtors filed applications seeking approval of their employment of King & Spalding LLP and the Rosner Law Group LLC as their co-counsel. [Dkt. Nos. 30, 31]. On June 19, 2013, the Debtors filed an application to employ Pharus Securities, LLC as Debtors' investment banker. [Dkt. No. 59]. The Debtors anticipate that they may need to retain other professionals as these cases progress.

10. On June 25, 2013, this Court entered orders authorizing the employment of King & Spalding LLP and the Rosner Law Group LLC as Debtors' co-counsel. [Dkt. Nos. 68, 69]. On July 16, 2013, this Court entered an order authorizing the employment of Pharus Securities, LLC as Debtors' investment banker. [Dkt. No. 106].

11. On June 6, 2013, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors in these Cases (the "Statutory Committee"). *See* Dkt. No. 38. On June 20, 2013, the Statutory Committee filed its application seeking approval of its employment of Benesch, Friedlander, Coplan & Aronoff LLP as counsel. [Dkt. No. 54]. And on June 25, 2013, the Statutory Committee filed an application to employ Gavin/Solmonese LLC as the Statutory Committee's financial advisor. [Dkt. No. 71].

12. On July 16, 2013, this Court entered orders authorizing the employment of Benesch, Friedlander, Coplan & Aronoff LLP as the Statutory Committee's counsel and Gavin/Solmonese LLC as the Statutory Committee's financial advisor. [Dkt. Nos. 104, 105].

13. The Debtors believe that the relief requested in this Motion will streamline the professional compensation process. In addition to minimizing the financial hardship on the Professionals, who must invest significant resources in these cases, monthly compensation procedures will enable the Debtors to monitor the costs of administration of their estates and

forecast level cash flows. Moreover, these procedures will allow the Court and parties-in-interest, including the United States Trustee, to ensure the reasonableness and necessity of compensation sought in these cases.

14. Briefly stated,[2] the requested procedures would permit each Professional to file and serve on counsel to the Debtors, the Office of the United States Trustee, and counsel for the Statutory Committee, a statement of fees and expenses incurred by the Professional during the immediately preceding month (a "Monthly Statement"). The Debtors would be authorized to pay each Professional eighty percent (80%) of fees and one hundred percent (100%) of expenses requested in the Monthly Statement, up to a budgeted cap, in the absence of an objection received within twenty (20) days after service of the Monthly Statement.[3] All fees and expenses of each Professional, whether or not paid or objected to in connection with a Monthly Statement, would remain subject to review and approval by the Court in connection with interim and final fee applications under sections 330 and 331 of the Bankruptcy Code.

15. These procedures will not apply to professionals retained by the Debtors in the ordinary course of business, or to professionals retained under section 328. The Debtors propose that these procedures apply to members of the Statutory Committee appointed in these cases seeking reimbursement of expenses pursuant to section 503(b)(3)(F) of the Bankruptcy Code.

16. Section 331, which generally permits professionals to file fee applications every one hundred and twenty (120) days, expressly contemplates that professionals may be compensated more often "if the court permits." Relief similar to that requested herein has been granted by courts in other chapter 11 cases in this District. *See, e.g., School Specialty, Inc.*, Case

---

[2] The proposed procedures are set forth in detail in the proposed order attached hereto as Exhibit A.

[3] A copy of the professional fee budget with fee/expense caps allocated between the Debtors' and the Statutory Committee's professionals will be submitted at the hearing on this Motion.

4

No. 13-10125 (KJC) (Bankr. D. Del. Feb. 25, 2013); *In re Bicent Holdings LLC*, Case No. 12-11304 (KG) (Bankr. D. Del. May 15, 2012); *In re Real Mex Restaurants, Inc.*, Case No. 11-13122 (BLS) (Bankr. D. Del. Nov. 2, 2011); *In re Perkins & Marie Callendar's Inc.*, Case No. 11-11795 (KG) (Bankr. D. Del. July 11, 2011); *In re Allen Family Foods, Inc.*, Case No. 11-11764 (KJC) (Bankr. D. Del. July 13, 2011); *In re Harry & David Holdings Inc.*, Case No. 11-10884) (MFW) (Bankr. D. Del. April 26, 2011).

17. For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interest of their estates.

## **NOTICE**

18. Notice of this Motion will be given to the Office of the United States Trustee for the District of Delaware, the Debtors' pre-petition secured lenders and their counsel, if known to the Debtors, the proposed counsel to the Statutory Committee, and persons that have filed notices of appearance with this Court. The Debtors submit that, under the circumstances, no other or further notice is required.

19. No previous motion for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court:

(a)   enter an order in the form attached hereto as <u>Exhibit A</u> establishing procedures for monthly compensation and reimbursement of expenses of professionals; and

(b)   grant the Debtors such other and further relief as is just and proper.

Dated: July 23, 2013
Wilmington, Delaware

Respectfully submitted,

 /s/ Frederick B. Rosner
THE ROSNER LAW GROUP LLC
Frederick B. Rosner (No. 3995)
rosner@teamrosner.com
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone:   (302) 319-6300

and

KING & SPALDING LLP
Arthur J. Steinberg
New York Bar No. 1680495
asteinberg@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:   (212) 556-2158
Facsimile:   (212) 556-2222

and

Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
Annie R. Carroll
Georgia Bar No. 127813
acarroll@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:   (404) 572-4600
Facsimile:   (404) 572-5131

*Co-Counsel for the Debtors-In-Possession*