# EXHIBIT A

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MFM DELAWARE, INC.,** | ) | **Case No. 13-11359 (PJW)** |
| **MFM INDUSTRIES, INC.,** [1] | ) | **Case No. 13-11360 (PJW)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | Re: Dkt. No. ___ |

### ORDER ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
### AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

This matter is before the Court on the Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (the "Motion") of MFM Delaware, Inc. and MFM Industries, Inc. (collectively, the "Debtors").[2]

The Court has considered the Motion, the *Declaration of Matthew A. Crane in Support of First Day Motions and Applications*, and the matters reflected in the record of the hearing held on the Motion on August 15, 2013. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given as set forth therein and no further notice is required; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED to the extent set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of a specific professional, any professional whose retention is approved by this Court

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Industries, Inc. (6720) and (ii) MFM Delaware, Inc. (3784).

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

{00011612. }

pursuant to sections 327, 363, and 1103 of the Bankruptcy Code may seek monthly compensation in accordance with the following procedures:

(a)     Within thirty (30) days after the end of a month for which compensation is sought, each Professional seeking compensation shall file and serve a monthly statement (the "Monthly Statement"), by hand, overnight delivery, or electronic mail on (i) Arthur A. Steinberg, Esq., King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, asteinberg@kslaw.com; (ii) U.S. Trustee, Office of the United States Trustee, 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899-0035, Mark.Kenney@usdoj.gov; and (iii) Michael Barrie, Esq., Benesch, Friedlander, Coplan & Aronoff, 222 Delaware Avenue, Suite 801, Wilmington, DE 19801, mbarrie@beneschlaw.com.

(b)     For each Professional retained by the Debtors and the Statutory Committee that is paid on an hourly basis (unless their retention application contemplates a different procedure for seeking compensation), each Monthly Statement shall contain a list of individuals and their respective titles who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour, and a reasonably detailed breakdown of disbursements incurred. The Professional may redact portions of the time entries to protect attorney-client privilege or attorney-work product information.

(c)     In the event that an interested party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, he or she shall, within twenty (20) days after service of the Monthly Statement, serve upon the Professional whose statement is objected to and the other persons designated in paragraph (a) above a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue.

(d)     After the expiration of the twenty (20) day period described above, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement, up to the budgeted cap for such Professional, to which no objection has been served. A copy of the professional fee budget with fee/expense caps allocated between the Debtors and the Statutory Committee's professionals was submitted at the hearing on the Motion.

(e)     If the Debtors receive an objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the objection is directed and shall promptly pay the remainder of the fees and expenses in the percentages set forth in the preceding paragraph.

(f)     If any objecting party resolves a dispute with a Professional, the objecting party (or the Debtors, with the consent of the objecting party) shall serve written notice on the persons designated in paragraph (a) above that the objection is withdrawn and shall describe the terms of the resolution. The Debtors shall promptly pay that portion of the Monthly Statement at issue that is no longer subject to an objection as set forth in paragraph (d) above.

(g)     Any objection that is not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing.

(h)     The service or lack of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court.

(i)     Approximately every one hundred and twenty (120) days, but no less than approximately every one hundred and eighty (180) days, each Professional shall serve and file with the Court, pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, an application for interim or final approval and allowance of compensation and reimbursement of expenses, including compensation previously paid by the Debtors on the basis of a Monthly Statement.

(j)     Any Professional that fails to file a timely application seeking approval of compensation and expenses previously paid on the basis of a Monthly Statement shall be ineligible to receive further monthly payments of compensation or reimbursement of expenses as provided herein absent a further order of the Court.

(k)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation or reimbursement of expenses of any Professional.

3.     The provisions of this Order shall not apply to the following professionals: (i) Rinnovo Management LLC; (ii) Pharus Securities, LLC; or (iii) any professional retained in the ordinary course of the Debtors' business operations.

4.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.      Counsel for the Debtors is directed to serve a copy of this Order on the Office of the United States Trustee for the District of Delaware, the Debtors' pre-petition secured lenders and their counsel, if known to the Debtors, and the proposed counsel to the Statutory Committee, and any party filing a notice of appearance, within two (2) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

Dated: August ___, 2013
        Wilmington, Delaware

---

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE