# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MFM DELAWARE, INC.,** | ) | **Case No. 13-11359 (PJW)** |
| **MFM INDUSTRIES, INC.,**[1] | ) | **Case No. 13-11360 (PJW)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 364 AND 507: (I) AUTHORIZING DEBTORS TO INCUR POSTPETITION SECURED INDEBTEDNESS PURSUANT TO SECTIONS 105 AND 364; (II) AUTHORIZING THE DEBTORS TO ENTER INTO CREDIT AGREEMENT WITH THOMAS KRAATZ; AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C)

This matter having come before the Court upon the motion (the "DIP Motion") by MFM Delaware, Inc. ("MFMD") and MFM Industries, Inc. ("Industries" together with MFMD, the "Debtors") in the above-captioned Chapter 11 case, pursuant to sections 105, 364 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), seeking, *inter alia,* entry of this interim order ("Interim Order"): (A) authorizing the Debtors to incur post-petition secured indebtedness, (B) authorizing the Debtors to enter into the Credit Agreement (as defined below); and (C) scheduling a final hearing pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). All capitalized terms used but not defined herein shall have the meanings given to them in the DIP Motion.

The Court having considered the DIP Motion; and notice of the DIP Motion having been given in accordance with Bankruptcy Rules 4001 and 9014 and the Local Rules; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing (as defined below),

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Delaware, Inc. (3784); and (ii) MFM Industries, Inc. (6720).

and otherwise is fair and reasonable and in the best interests of the Debtors and their estate; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. *Commencement of Case and Final Ratification Order*. On May 28, 2013 (the "Petition Date") each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing these cases (these "Cases"). The Debtors are continuing in the management and operation of their business and properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases. On July 16, 2013, the Court entered a Final Order (Dkt. No. 103) (the "Final Ratification Order"), which, among other things, authorized the Debtors to enter into: (i) certain ratification agreements with Bibby Financial Services (Midwest), Inc. ("BFS") and Crossroads Financial, LLC ("Crossroads"); and (ii) a lending arrangement with Thomas Kraatz ("Mr. Kraatz") secured by certain bank accounts.

B. *Jurisdiction and Venue*. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the DIP Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 364 and 507 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Bankruptcy Rules and Rules 2002-1(b), 4001-2, 9006-1 and 9013-1 of the Local Rules. Venue for these Cases and proceedings on the DIP Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  *Findings Regarding Postpetition Financing.*

(i)  *Request for Postpetition Financing.* The Debtors seek authority to enter into a Credit Agreement on the terms described herein and in the DIP Motion (the "Credit Agreement"). At the Final Hearing, the Debtors will seek final approval of the proposed postpetition financing arrangements set forth in the Credit Agreement (the "DIP Facility") pursuant to a proposed final order (the "Final Order"); notice of the Final Hearing and the Final Order will be provided in accordance with this Interim Order.

(ii)  *Need for Postpetition Financing.* The Debtors' need to obtain credit on an interim basis pursuant to Credit Agreement is immediate and critical to enable the Debtors to continue operations and to administer and preserve the value of their estates. The ability of the Debtors to finance their operations, maintain business relationships with their vendors, suppliers and customers, to pay their employees and otherwise finance their operations requires the availability of working capital from the DIP Facility, the absence of which would immediately and irreparably harm the Debtors, their estates and their creditors, and the possibility for a successful reorganization. The Debtors do not have sufficient available sources of working capital and financing to operate their businesses or maintain their properties in the ordinary course of business without the DIP Facility.

(iv)  *No Credit Available on More Favorable Terms.* Given their current financing arrangements and the Debtors' urgent need for financing, the Debtors would likely be unable to obtain financing from sources other than Mr. Kraatz on terms more favorable than those terms provided for in the DIP Facility. The Debtors have been unable to obtain unsecured credit allowable under Bankruptcy Code Section 364(b)(1) as an administrative expense.

3

D. *Business Judgment and Good Faith Pursuant to Section 364(e)*. The terms and conditions of the DIP Facility and the fees paid and to be paid thereunder are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and consideration. The Credit Agreement was negotiated in good faith and at arms' length among the Debtors and Mr. Kraatz. Use of cash collateral and credit to be extended under the DIP Facility shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and for valid business purposes and uses, within the meaning of Section 364(e) of the Bankruptcy Code, and Mr. Kraatz is therefore entitled to the protection and benefits of Section 364(e) of the Bankruptcy Code and this Interim Order.

H. *Notice*. Notice of the Interim Hearing and the emergency relief requested in the DIP Motion has been provided by the Debtors, whether by facsimile, email, overnight courier or hand delivery, to the Office of the United States Trustee for the District of Delaware, the Debtors' pre-petition secured lenders and their counsel, if known to the Debtors, Mr. Kraatz, and the counsel to the Official Committee of Unsecured Creditors appointed in these Cases (the "Committee"). The Debtors have made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the interim relief set forth in this Interim Order.

Based upon the foregoing findings and conclusions, the DIP Motion and the record before the Court with respect to the DIP Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. <u>Motion Granted</u>. The DIP Motion is granted on an interim basis in accordance with Bankruptcy Rule 4001(c)(2) to the extent provided herein.

2. <u>Interim Financing Approved</u>. The Debtors are hereby authorized and empowered to execute and deliver the Credit Agreement together with any other document of any kind required thereunder (together, the "<u>DIP Documents</u>") and immediately to borrow, obtain other loans, and incur indebtedness and obligations pursuant to the terms and conditions of this Interim Order and the Credit Agreement. In the event that the Debtors' working capital needs require them to do so, the Debtors are authorized to borrow the full amount available under the DIP Facility.

3. <u>Authorization of the DIP Financing</u>. The DIP Facility is hereby approved. The Debtors are hereby authorized to pay, in accordance with this Interim Order, the principal, interest, fees and other amounts described in the DIP Documents as such become due and without need to obtain further Court approval. Upon execution and delivery, the DIP Documents shall represent valid and binding obligations of the Debtors, enforceable against the Debtors and their estates in accordance with their terms.

4. <u>Payments</u>. The Debtors are authorized and directed to make all payments and transfers to Mr. Kraatz as required in the Credit Agreement.

5. <u>Postpetition Liens and Superpriority Claims</u>. Effective immediately upon entry of this Interim Order, all post-petition obligations of the Debtors under the DIP Facility shall, subject to the Carve Out (as defined below), at all times: (i) pursuant to section 364(c)(1) of the Bankruptcy Code, be entitled to super-priority claim status in the chapter 11 cases (the "<u>Kraatz Superpriority Claim</u>"); and (ii) pursuant to section 364(c)(2), (c)(3), and (d) of the Bankruptcy Code, be secured by perfected liens (the "<u>Kraatz DIP Liens</u>") on substantially all of the

Industries' assets (other than claims or causes of action arising under sections 544, 545, 547, 548, 550 or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions")) (the "Collateral"); provided, however, Mr. Kraatz shall not have any liens in Accounts (as such term is defined by the Uniform Commercial Code in effect in Delaware) generated by the Debtors until BFS is indefeasibly paid in full after BFS announces its intent not to purchase additional Accounts. The Kraatz DIP Liens shall prime and be superior to any liens on the Collateral held by Palmer Resources LLC (the "Palmer Liens"). Except for the Palmer Liens, the Kraatz DIP Liens shall not prime any valid, properly perfected and non-avoidable liens on the Collateral in existence as of the Petition Date, and the Kraatz DIP Liens shall be subject to the Carve Out. The Kraatz DIP Liens shall be junior in all respects to: (a) any and all liens on the Collateral held by BFS; and (b) any and all liens on the Collateral held by Crossroads. The Kraatz Superpriority Claim shall be otherwise junior to the Crossroads Superpriority Claim (as defined in the Final Ratification Order) and the Bibby Superpriority Claim (as defined in the Final Ratification Order) and shall not attach to or be paid from the Avoidance Actions or any proceeds thereof.

6. Automatic Stay. Prior to exercising any rights and remedies upon an event of default under the Credit Agreement, Mr. Kraatz must first obtain relief from the automatic stay imposed by section 362 of the Bankruptcy Code.

7. Use of Proceeds. From and after the entry of the Interim Order, the Debtors shall use advances under the DIP Facility to provide for the working capital requirements and other general corporate purposes of the Debtors during the pendency of their chapter 11 cases.

8. Carve Out. The Kraatz DIP Liens and the Kraatz Superpriority Claim shall all be subject to and subordinate to a Carve Out (the "Carve Out") for: (a) statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6); and (b) the unpaid and outstanding reasonable

fees and expenses incurred on or after the Petition Date, and approved or otherwise authorized by an order of the Bankruptcy Court pursuant to sections 326, 328, 330, or 331 of the Bankruptcy Code, (i) by the Debtors' attorneys retained with court approval by the Debtors in a cumulative amount not to exceed $100,000; and (ii) by the Committee's retained professionals in a cumulative amount not to exceed $50,000. The preceding sentence notwithstanding, under no circumstances shall any individual professional or professional firm other than King & Spalding LLP or the Debtors' Delaware bankruptcy counsel benefit from the provisions relating to "Carve Out" for the Debtors' attorneys.

9. <u>Conversion to Chapter 7</u>. The Kraatz DIP Liens, as well as the priority in recourse to the relevant collateral that they create, shall all be valid and enforceable against any trustee appointed in these Cases, upon the conversion of any of these Cases to a case under Chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of these Cases.

**Provisions Common to DIP Financing Authorizations**

10. <u>Amendments</u>. The Debtors are hereby authorized, without further notice, motion, application to, order of, or hearing before, this Court, to enter into agreements with Mr. Kraatz providing for any non-material modifications to DIP Documents or of any other modifications to the DIP Documents necessary to conform the DIP Documents to this Interim Order; *provided, however*, that notice of any modification or amendment to the DIP Documents shall be provided to counsel for the Committee, counsel to the U.S. Trustee, BFS, Crossroads, Palmer and any entity whose rights are affected by the modification, each of whom shall have five (5) business days from the date of such notice within which to object in writing to such modification or amendment to the extent that such modification or amendment is material. If the Committee, the U.S. Trustee or an affected entity timely objects to any material modification or amendment to

7

the DIP Documents, then such modification or amendment shall only be permitted pursuant to order of this Court. All material modifications shall be filed with the Bankruptcy Court.

11. <u>Perfection of Kraatz DIP Liens</u>. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of all liens granted herein including the Kraatz DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the Kraatz DIP Liens, or to entitle Mr. Kraatz to the priorities granted herein. Mr. Kraatz, in his discretion, may file a photocopy of this Interim Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notice of lien or similar instrument.

12. <u>Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim Order</u>. Mr. Kraatz has acted in good faith in connection with this Interim Order and its reliance on this Interim Order is in good faith. Based on the findings set forth in this Interim Order, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Mr. Kraatz is entitled to the protections provided in Section 364(e) of the Bankruptcy Code. Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim or priority authorized or created hereby. Any liens or claims granted to Mr. Kraatz hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order, including entitlement to all rights, remedies, privileges and benefits granted herein.

13. <u>Other Expenses</u>. The Debtors are authorized to pay any fees provided for in the DIP Documents.

14. <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

15. <u>Binding Effect of Interim Order</u>. Immediately upon execution by this Court, the terms and provisions of this Interim Order shall become valid and binding.

16. <u>Interim Order Controls</u>. In the event of any inconsistency between the terms and conditions of the DIP Documents and this Interim Order, the provisions of this Interim Order shall govern and control.

17. <u>Survival</u>. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in these Cases; or (b) converting any of these Cases to a case under Chapter 7 of the Bankruptcy Code.

18. <u>Final Hearing</u>. The Final Hearing to consider entry of the Final Order and final approval of the DIP Facility is scheduled for [_____], 2013 at [\_\_\_\_] .m. before the Honorable Peter J. Walsh, United States Bankruptcy Judge, on the 6th floor, in Courtroom 2, at the United States Bankruptcy Court for the District of Delaware. On or before [_____], 2013, the Debtors shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "<u>Final Hearing Notice</u>"), together with copies of this Interim Order and the DIP Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party that has filed prior to such date a request for notices with this Court; (c) counsel for the Committee; and (d) the Internal Revenue Service. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written

9

objections with the Clerk of the Court no later than on [_____], 2013 at 4:00 p.m. (Eastern Daylight Time), which objections shall be served so as to be received on or before such date by: (i) counsel to the Debtors: Frederick B. Rosner, the Rosner Law Group, 824 N. Market Street, Suite 810, Wilmington, Delaware 19801; (ii) counsel to the Committee, Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801-1611, Attention: Michael Barrie; and (iii); the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, attn: Mark Kenney.

19. <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

SO ORDERED by the Court this \_\_\_ day of August 2013.

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE