## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MFM DELAWARE, INC., ) | Case No. 13-11359 (PJW) |
| MFM INDUSTRIES, INC.,[1] ) | Case No. 13-11360 (PJW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Hearing Date: 3/5/14 @ 2:00 p.m. |
| ) | Objection Deadline: 2/18/14 @ 4 p.m. |

**DEBTORS' (SUBSTANTIVE) THIRD OMNIBUS OBJECTION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE, RECLASSIFY, OR REDUCE CERTAIN: (A) OVERSTATED; (B) MISCLASSIFIED; (C) NO LIABILITY; AND (D) DUPLICATIVE CLAIMS FILED AGAINST MFM INDUSTRIES, INC.**

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS. THIS OBJECTION MAY AFFECT YOUR SUBSTANTIVE RIGHTS.

MFM Delaware, Inc. ("MFM Delaware") and MFM Industries, Inc. ("Industries") (collectively, the "Debtors") file this omnibus objection (the "Third Omnibus Objection") to certain (a) overstated; (b) misclassified; (c) no liability; and (d) duplicative claims filed against Industries (the "Disputed Claims") and listed on Exhibits A, B, C, D, and E to the proposed form of order (the "Proposed Order"), which is attached hereto as Exhibit 1, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Delaware, Inc. (3784); and (ii) MFM Industries, Inc. (6720).

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Third Omnibus Objection, the Debtors rely upon the *Declaration of Matthew A. Crane* (the "Crane Declaration"), attached hereto as Exhibit 2. In further support of the Third Omnibus Objection, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of the Local Rules.

## Background Facts

3. On May 28, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4. The Debtors' bankruptcy cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

5. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 6, 2013, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

7. On the Petition Date, the Debtors' primary operating entity was a leading manufacturer and national supplier of private label cat litter products. Certain liquidity issues

forced the Debtors to file these Chapter 11 cases in order to preserve the fair market value of their assets.

8.  On October 28, 2013, the Court entered the *Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of MFM Industries, Inc. Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests to Oil-Dri Corporation of America, (C) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* [Docket No. 229], which approved the sale of substantially all of the Debtors' assets (the "Sale"). The Sale closed on November 1, 2013.

## Claims Background

9.  On July 26, 2013, Industries filed with the Court its schedule of assets and liabilities and statement of financial affairs. [Case No. 13-11359, Docket No. 122; Case No. 13-11360, Docket No. 10]. On August 15, 2013, Industries filed an amendment to the Schedules. [Case No. 13-11359, Docket No. 150, Case No. 13-11360, Docket No. 12].

10. Pursuant to the *Order Establishing a Bar Date and Approving Bar Date Notice and Procedures*, dated August 14, 2013 [Docket No. 148] (the "Bar Date Order"), the Court established September 27, 2013, as the bar date for filing non-governmental proofs of claim against Industries (the "General Bar Date") and December 2, 2013, as the bar date for filing governmental proofs of claim against Industries (the "Governmental Bar Date"). The Bar Date Order approved the manner of notice of the bar dates (the "Bar Date Notice") and provided that each proof of claim should conform substantially with Form B10 (Official Form No. 10) (the "Proof of Claim Form").

11. On August 19, 2013, the Debtors' counsel caused the Bar Date Order to be served on the master service list in these cases. On August 21, 2013, the Debtors' counsel caused the Bar Date Notice and Proof of Claim Form to be mailed to all other known claimants.

12. According to the claims register (the "Claims Register"), as of December 31, 2013, approximately 91 proofs of claim (the "Proofs of Claim," and the claims asserted therein the "Claims") have been filed against Industries in these cases. The Proofs of Claim have an approximate face amount of $9.16 million. Additionally, Industries listed approximately $1.856 million of liquidated, non-contingent, and undisputed Claims on Schedules D, E, and F for which no proof of claim was filed (the "Scheduled Claims").

13. On January 6, 2014, the Debtors filed the *Debtors' (Non-Substantive) First Omnibus Objection to (A) Duplicate, (B) Wrong Debtor, and (C) Late Filed Claim Filed against MFM Industries, Inc. pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow or Disallow and Expunge Certain Claims*; the *Debtors' (Substantive) Second Omnibus Objection to Claims Filed against MFM Industries, Inc. Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow, Expunge, Reclassify, or Reduce Certain Claims*; and the *Debtors' Notice of Post-Petition Satisfaction of Certain Prepetition Claims*. The First and Second Omnibus Objections are currently scheduled for hearing on February 10, 2014.

14. The Debtors object to the Proofs of Claim listed in Exhibit A to the Proposed Order (the "Overstated Claims") and seek to reduce the claim amounts because the claims are overstated. There are two Proofs of Claim listed on Exhibit A.

15. The Debtors object to the Proofs of Claim listed in Exhibit B to the Proposed Order (the "Lease Damages Claims") and seek to disallow or reduce them because the claims

each assert damages arising from the anticipatory breach or rejection of a lease to which the Debtors were party and each claim fails to indicate an amount obtained in mitigation of the asserted damages. There are five Proofs of Claim listed on Exhibit B.

16. The Proofs of Claim listed in Exhibit C to the Proposed Order ("Misclassified Claims") have been filed as priority unsecured claims, in reliance upon section 507(a)(4), or as secured claims, but are either not entitled to priority and/or secured status, and the claims should be modified to general unsecured or general unsecured and administrative priority, as provided in Exhibit C. There are three Proofs of Claim listed on Exhibit C.

17. The Proof of Claim listed in Exhibit D to the Proposed Order ("No Liability Claim") asserts an obligation for which neither Industries nor its property is liable and should be disallowed and expunged in its entirety on that basis. The claim also arises from an obligation that is avoidable under section 548(a)(1)(B)(iv) and, therefore, will also be subject to disallowance under section 502(d). There is one Proof of Claim listed on Exhibit D.

18. The Proofs of Claim listed on Exhibit E to the Proposed Order are substantively duplicative of debts scheduled by Industries as owing to a related entity. The debts are scheduled as undisputed in the same amount and priority as sought in the proof of claim. To avoid double payment, the claims should be disallowed and expunged, or alternatively, the scheduled claim should be deemed to have been superseded by the filed claim. There are two Proofs of Claim listed on Exhibit E.

### Relief Requested

19. The Debtors have reviewed the Claims listed in the Claims Register and have identified the Disputed Claims as Claims that should be disallowed and expunged, reclassified, or reduced. Accordingly, the Debtors hereby object to each Disputed Claim (*i.e.*, each Proof of

Claim listed in Exhibits A-E to the Proposed Order) as being either: (1) overstated; (2) improperly filed as a priority unsecured claim or as a secured claim; (3) claims for which neither Industries nor its property is liable under any agreement or applicable law; or (4) substantively duplicative of a Scheduled Claim. The Debtors, therefore, request entry of an order substantially in the form attached hereto as Exhibit 1 sustaining this Third Omnibus Objection.

## Basis for Relief

20. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a). Section 502(b) of the Bankruptcy Code provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . ." *See* 11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). A claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

21. Prior to the commencement of these chapter 11 cases and in the ordinary course of business, Industries maintained Books and Records, which reflect, among other things, Industries' liabilities and amounts owed to creditors as of the Petition Date. The Books and Records were made by Industries at or near the time of the relevant transactions giving rise to the liabilities, or otherwise made by Industries' personnel with knowledge of the relevant transactions. Industries maintained the Books and Records regularly in the course of conducting its ordinary, daily business transactions, as well as other periodically recurring transactions.

### Overstated Claims

22. The Debtors and their advisors have reviewed the Overstated Claims (including supporting documentation) filed against Industries.

23. After careful review, the Debtors have determined that Claim Number 79, filed by the Mine Safety and Health Administration ("MSHA") in the amount of $101,433.14, is overstated. The claim is based on fines assessed against Industries by MSHA prior to the Petition Date and is comprised of $2,716.14 for fines assessed in 2009 and settled pursuant to a payment plan; $44,984 for fines assessed in March 2012 and settled in March 2013; and $54,733 for fines assessed in October 2012. The Books and Records reflect that Industries only owed three additional payments of $710 each under the payment plan. Additionally, in September 2013, Industries and MSHA agreed to settle pre-petition fines assessed in September 2012 in the amount of $54,733 for $31,000. Thereafter, Industries paid $1,300 toward the settled claim. Accordingly, the claim should be reduced to $76,814.

24. The Debtors have also determined that Claim Number 66-2, filed by GSX, Inc. d/b/a Great Southern Construction Equipment Company ("GSX") in the amount of $75,717.10 (the "GSX Claim"), is overstated. The GSX Claim is for repair and service charges and overuse hours charged for equipment rented by Industries from GSX. The GSX Claim should be reduced by $25,891.56 to account for overuse fees charged by GSX for certain rented equipment, which was made necessary solely by GSX's failure to maintain in good working order a second piece of equipment rented to Industries by GSX, as required by the parties' agreement. Further, Industries holds an offsetting claim against GSX in the amount of $48,617.86. Specifically, Industries replaced the tires on a piece of equipment at its own expense ($4,839.86), and when GSX recovered that equipment, GSX did not return the tires, but rather sold the tires along with

the equipment. Additionally, Industries paid rental charges of $6,254 per month for the non-operational equipment over an approximately seven-month period ($43,778). For these reasons, the GSX Claim should be reduced to $1,207.68.

25.     Industries' Schedule F lists GSX as holding an undisputed scheduled claim in the amount of $75,721.27. The basis for the scheduled claim is the same as the GSX Claim. The GSX Claim supersedes Industries' Schedules, and the resolution of this objection to the GSX Claim shall resolve the amount owed to GSX for all purposes.

### Lease Damages Claims

26.     The Debtors and their advisors have reviewed the Lease Damages Claims. After careful review, the Debtors have determined that the Lease Damages Claims should be disallowed or reduced because such claims each assert damages arising from the anticipatory breach or rejection of a lease to which the Debtors were party and each claim is overstated in that it fails to account for the lessor's duty to mitigate its damages.

27.     The leases upon which the Lease Damages Claims (the "Rejected Leases") arise relate to equipment leased and used by Industries in the operation of its business. On November 18, 2013, this Court entered its *Order Approving Debtors' First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to November 5, 2013* (Docket No. 258) (the "Rejection Order"). Pursuant to the Rejection Order, the Court approved the rejection, pursuant to section 365, of the Rejected Leases. Thereafter, each holder of a Lease Damages Claim has recovered its equipment, but has not amended its claim to account for any amounts received by the holder in mitigation of its damages.

28.     Accordingly, the Debtors request that the Court grant an order either disallowing or reducing the Lease Damages Claims, as provided on Exhibit B.

## Misclassified Claims

29. As a result of the Debtors' review of the Books and Records, Industries' Schedules, and the Claims Registry, the Debtors have determined that the Misclassified Claims are improperly classified as either a priority unsecured claim and/or a secured claim.

30. Claim Number 62, was filed by Leaf Funding, Inc. as a secured claim and arises from a lease for a shrink wrap tunnel between Industries and Leaf Funding, Inc., which was rejected effective November 5, 2013. The equipment was returned to the claimant. Accordingly, to the extent that Claim Number 62 is not otherwise disallowed and expunged as requested herein, Claim Number 62 should be reclassified as a general unsecured claim, and reduced by the mitigation resulting from the return of the equipment. Claim Number 77, filed by Sherman James, improperly asserts a priority claim for wages or commissions, pursuant to section 507(a)(4). Section 507(a)(4) grants priority treatment to only wages, salaries, and commissions, or sales commissions paid to a corporation with one employee. The Misclassified Claim was filed by an individual who was not an employee of either of the Debtors. Further, the claim is not for commissions on sales, but rather a claim for goods sold to Industries. Accordingly, the Misclassified Claim has no basis for "priority" status and should be modified to "general unsecured." The Debtors do not object to the amount of the claim ($9,063.30).

31. Claim Number 7, filed by Sigma Extruding Corp., d/b/a Coastal Films of Florida, was filed as a claim allegedly secured by goods sold as a result of a reclamation demand, or, to the extent such secured status is primed by a senior secured creditor, as a priority claim to the extent the goods were received by Industries within the twenty days prior to the Petition Date. The goods to be reclaimed were subject to a prior security interest. Accordingly, the claim should be allowed as an administrative priority status claim under section 503(b)(9) for the

portion arising from the goods received within the twenty-day period, and the remaining portion should be modified to general unsecured, as provided on Exhibit C.

### No Liability Claim

32. As a result of the Debtors' review of the Books and Records, Industries' Schedules, and the Claims Registry, the Debtors have determined that the No Liability Claim is not enforceable against Industries or Industries' property under applicable law and should be disallowed pursuant to section 502(b)(1).

33. Specifically, Claim Number 61, filed by Elliott Mallard in the amount of $109,008, arises from a prepetition severance agreement (the "Agreement") between Mallard and five entities for whom Mallard served as president and chief executive officer. Prior to the Petition Date, Industries made approximately $68,130 in payments toward the obligation, thus more than satisfying Industries' portion of the obligation. Further, the Agreement was executed just four months prior to the filing of Industries' bankruptcy petition and granted Mallard the right to receive severance pay of $177,138. Industries was not obligated under any agreement or company policy to incur such an obligation and did not receive reasonably equivalent value in exchange for doing so. The Agreement itself contains an acknowledgement by Mallard that he is being paid more than he otherwise is entitled to under Industries' policies. Accordingly, the agreement is avoidable under section 548(a)(1)(B)(iv), and the payments made thereunder ($68,130) are avoidable and recoverable under either section 548(a)(1)(B) or section 547. Industries intends to seek recovery of the payments made pursuant to section 550(a). Accordingly, Mallard's claim for the remaining $109,000 will also be subject to disallowance under section 502(d).

**Substantively Duplicative Claims**

34. As a result of the Debtors' review of the Books and Records, Industries' Schedules, and the Claims Registry, the Debtors have determined that the Substantively Duplicative Claims have been filed on account of the same obligations as obligations scheduled by Industries as undisputed and owing to another, related entity. Accordingly, to avoid double recovery by the affected claimants, the Substantively Duplicative Claims should be disallowed in their entirety and expunged. Alternatively, the scheduled claims should be deemed to have been superseded by the filed claims of the related entity.

35. Claim Number 21, filed by York Industries, Inc. d/b/a Edgeboard, is substantively duplicative of an obligation scheduled by Industries on Schedule F as undisputed and owing to Edgeboard. The amount sought in Claim Number 21 represents the same debt that Industries will pay to Edgeboard. To avoid a double recovery on this debt, Claim Number 21 should be disallowed in its entirety and expunged, or alternatively, the scheduled claim should be deemed to have been superseded by the filed claim of the related entity.

36. Claim Number 14, filed by CD Staffing, Inc. in Case No. 13-11359-PJW against Industries for $32,784.04, is substantively duplicative of an obligation scheduled by Industries on Schedule F as undisputed and owing to Balance Staffing Services. The amount sought in Claim Number 14 (13-11359-PJW) represents the same debt that Industries will pay to Balance Staffing Services. To avoid a double recovery on this debt, Claim Number 14, to the extent that it asserts a claim against Industries, should be disallowed in its entirety and expunged or alternatively, to have been superseded by the filed claim of the related entity.

### Reservation of Rights

37. In the event that any of the Disputed Claims are not reduced, reclassified, or disallowed and expunged on the grounds asserted herein, the Debtors hereby reserve their rights to object to such Proofs of Claim on any other grounds. Additionally, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors, including the Scheduled Claims.

### Compliance with Local Rule 3007-1

38. To the best of the Debtors' knowledge and belief, this Third Omnibus Objection and its related exhibits comply with the requirements of Local Rule 3007-1.

### Notice

39. Notice of this Third Omnibus Objection has been given to: (a) all parties on the 2002 List; (b) the holders of the Disputed Claims; and (c) if known, counsel to any of the holders of the Disputed Claims. The Debtors respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

WHEREFORE the Debtors request that the Court: (a) sustain this Third Omnibus Objection; (b) enter an order substantially in the form of the order attached hereto as **Exhibit 1** sustaining this Third Omnibus Objection and providing that the Disputed Claims shall be disallowed and expunged, reduced, or reclassified (as applicable); and (c) grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2014  
Wilmington, Delaware

THE ROSNER LAW GROUP LLC

*/s/ Scott J. Leonhardt*  
Scott J. Leonhardt (No. 4885)  
leonhardt@teamrosner.com

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone:     (302) 319-6300

and

KING & SPALDING LLP
Arthur J. Steinberg
New York Bar No. 1680495
asteinberg@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:     (212) 556-2158
Facsimile:     (212) 556-2222

and

Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5131

CO-COUNSEL FOR THE DEBTORS-IN-POSSESSION