IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MFM DELAWARE, INC | ) | Case No. 13-11359 (PJW) |
| MFM INDUSTRIES, INC.,[1] | ) | Case No. 13-11360 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: 3/5/14 @ 2:00 p.m. |
| | ) | Objection Deadline: 2/18/14 @ 4 p.m. |

**DEBTORS' (SUBSTANTIVE) FOURTH OMNIBUS OBJECTION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN OVERSTATED AND NO LIABILITY CLAIMS FILED AGAINST MFM DELAWARE, INC.**

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS. THIS OBJECTION MAY AFFECT YOUR SUBSTANTIVE RIGHTS.

MFM Delaware, Inc. ("MFM Delaware") and MFM Industries, Inc. ("Industries") (collectively, the "Debtors") file this omnibus objection (the "Fourth Omnibus Objection") to certain overstated and no liability claims filed against MFM Delaware (the "Disputed Claims") and listed on Exhibits A and B to the proposed form of order (the "Proposed Order"), which is attached hereto as Exhibit 1, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MFM Delaware, Inc. (3784); and (ii) MFM Industries, Inc. (6720).

DMSLIBRARY01:22400169.1

States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Fourth Omnibus Objection, the Debtors rely upon the *Declaration of Matthew A. Crane* (the "Crane Declaration"), attached hereto as Exhibit 2. In further support of the Fourth Omnibus Objection, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of the Local Rules.

### Background Facts

3. On May 28, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4. The Debtors' bankruptcy cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

5. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 6, 2013, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

7. On the Petition Date, the Debtors' primary operating entity was a leading manufacturer and national supplier of private label cat litter products. Certain liquidity issues

forced the Debtors to file these Chapter 11 cases in order to preserve the fair market value of their assets.

8.  On October 28, 2013, the Court entered the *Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of MFM Industries, Inc. Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests to Oil-Dri Corporation of America, (C) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* [Docket No. 229], which approved the sale of substantially all of the Debtors' assets (the "Sale"). The Sale closed on November 1, 2013.

## Claims Background

9.  On July 26, 2013, MFM Delaware filed with the Court its schedule of assets and liabilities and statement of financial affairs. [Case No. 13-11359, Docket No. 123].

10. Pursuant to the *Order Establishing a Bar Date and Approving Bar Date Notice and Procedures*, dated August 14, 2013 [Docket No. 148] (the "Bar Date Order"), the Court established September 27, 2013, as the bar date for filing non-governmental proofs of claim against MFM Delaware (the "General Bar Date") and December 2, 2013, as the bar date for filing governmental proofs of claim against MFM Delaware (the "Governmental Bar Date"). The Bar Date Order approved the manner of notice of the bar dates (the "Bar Date Notice") and provided that each proof of claim should conform substantially with Form B10 (Official Form No. 10) (the "Proof of Claim Form").

11. On August 19, 2013, the Debtors' counsel caused the Bar Date Order to be served on the master service list in these cases. On August 21, 2013, the Debtors' counsel caused the Bar Date Notice and Proof of Claim Form to be mailed to all other known claimants.

12. According to the claims register (the "Claims Register"), as of December 31, 2013, approximately 29 proofs of claim (the "Proofs of Claim," and the claims asserted therein the "Claims") have been filed against MFM Delaware in these cases. The Proofs of Claim have an approximate face amount of $12.7 million. Additionally, MFM Delaware listed approximately $1.3 million of liquidated, noncontingent, and undisputed Claims on Schedule F for which no proof of claim was filed (the "Scheduled Claims").

13. On January 6, 2014, the Debtors filed the First and Second Omnibus Objections to Claims against Industries, which are currently scheduled for hearing on February 10, 2014. The Third Omnibus Objection to Claims is being filed simultaneously herewith. These three omnibus objections to claims were filed in respect of claims filed against Industries.

14. This omnibus objection to claims, the Fourth Objection, relates to claims filed against MFM Delaware.

15. The Debtors object to the Proof of Claim listed in Exhibit A to the Proposed Order (the "Overstated Claim") and seek to disallow it because the claim asserts damages arising from the anticipatory breach or rejection of a lease to which Industries was a party and for which MFM Delaware was a guarantor, and the claim fails to indicate an amount obtained in mitigation of the asserted damages. There is one Proof of Claim listed on Exhibit A.

16. The Proofs of Claim listed in Exhibit B to the Proposed Order ("No Liability Claims") assert an obligation for which neither MFM Delaware nor its property is liable and should be disallowed and expunged in their entirety on that basis. There are fifteen Proofs of Claim listed on Exhibit B.

### Relief Requested

17. The Debtors have reviewed the Claims listed in the Claims Register and have identified the Disputed Claims as Claims that should be disallowed and expunged or reduced. Accordingly, the Debtors hereby object to each Disputed Claim (*i.e.*, each Proof of Claim listed in Exhibits A and B to the Proposed Order) as being either: (1) overstated due to the failure to mitigate damages; or (2) claims for which neither MFM Delaware nor its property is liable under any agreement or applicable law. The Debtors, therefore, request entry of an order substantially in the form attached hereto as Exhibit 1 sustaining this Fourth Omnibus Objection.

### Basis for Relief

18. Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a). Section 502(b) of the Bankruptcy Code provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . ." *See* 11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). A claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

19. Prior to the commencement of these chapter 11 cases and in the ordinary course of business, the Debtors maintained Books and Records, which reflect, among other things, the Debtors' liabilities and amounts owed to creditors as of the Petition Date. The Books and Records were made by the Debtors at or near the time of the relevant transactions giving rise to the liabilities, or otherwise made by the Debtors' personnel with knowledge of the relevant

transactions. The Debtors' maintained the Books and Records regularly, in the course of conducting their ordinary, daily business transactions, as well as other periodically recurring transactions.

### Overstated Claim

20. The Debtors and their advisors have reviewed Claim Number 2 (including supporting documentation) filed against MFM Delaware by CNH Capital America LLC ("CNH"). After careful review, the Debtors have determined that Claim Number 2 should be reduced because it asserts damages arising from the anticipatory breach or rejection of a lease to which Industries was a party and for which MFM Delaware was a guarantor (the "Lease"), and the claim is overstated because it fails to account for CNH's duty to mitigate its damages or to account for amounts received post-petition from Industries.

21. The Lease was for equipment leased and used by Industries in the operation of its business. On November 18, 2013, this Court entered its *Order Approving Debtors' First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to November 5, 2013* (Docket No. 258) (the "Rejection Order"). Pursuant to the Rejection Order, the Court approved the rejection, pursuant to section 365, of the Rejected Leases. Thereafter, CNH has recovered its equipment and received payments, but has not amended its claim to account for any amounts received by CNH in mitigation of its damages or payments received.

### No Liability Claims

22. As a result of the Debtors' review of the Books and Records, Industries' Schedules, and the Claims Registry, the Debtors have determined that, pursuant to section 502(b)(1), the No Liability Claims are not enforceable against MFM Delaware or its property under any agreement or applicable law.

23. Specifically, the No Liability Claims arise from agreements between the claim holders and Industries for the provision of goods or services to Industries. MFM Delaware has no legal obligation to pay the obligations asserted by the No Liability Claims. Accordingly, pursuant to section 502(b)(1), the No Liability Claims should be disallowed in their entirety and expunged.

### Reservation of Rights

24. In the event that any of the Disputed Claims are not reduced or disallowed and expunged on the grounds asserted herein, the Debtors hereby reserve their rights to object to such Proofs of Claim on any other grounds. Additionally, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors, including the Scheduled Claims.

### Compliance with Local Rule 3007-1

25. To the best of the Debtors' knowledge and belief, this Fourth Omnibus Objection and its related exhibits comply with the requirements of Local Rule 3007-1.

### Notice

26. Notice of this Fourth Omnibus Objection has been given to: (a) all parties on the 2002 List; (b) the holders of the Disputed Claims; and (c) if known, counsel to any of the holders of the Disputed Claims. The Debtors respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

WHEREFORE the Debtors request that the Court: (a) sustain this Fourth Omnibus Objection; (b) enter an order substantially in the form of the order attached hereto as **Exhibit 1** sustaining this Fourth Omnibus Objection and providing that the Disputed Claims shall be

disallowed and expunged or reduced (as applicable); and (c) grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2014  
Wilmington, Delaware

THE ROSNER LAW GROUP LLC

/s/ Scott J. Leonhardt  
Scott J. Leonhardt (No. 4885)  
leonhardt@teamrosner.com  
824 N. Market Street, Suite 810  
Wilmington, Delaware 19801  
Telephone:   (302) 319-6300

and

KING & SPALDING LLP  
Arthur J. Steinberg  
New York Bar No. 1680495  
asteinberg@kslaw.com  
1185 Avenue of the Americas  
New York, NY 10036-4003  
Telephone:   (212) 556-2158  
Facsimile:   (212) 556-2222

and

Jeffrey R. Dutson  
Georgia Bar No. 637106  
jdutson@kslaw.com  
1180 Peachtree Street  
Atlanta, Georgia 30309-3521  
Telephone:   (404) 572-4600  
Facsimile:   (404) 572-5131

CO-COUNSEL FOR THE DEBTORS-IN-POSSESSION